KELLEY DRYE & WARREN LLP
WILLIAM R. GOLDEN, JR. (*Pro Hac Vice pending*)
MICHELLE M. GRAHAM (*Pro Hac Vice*)
MATTHEW D. MARCOTTE (*Pro Hac Vice*)
101 Park Avenue
New York, New York  10178-0002
Telephone:  212-808-7800
Facsimile:   212-808-7897
Alternate Facsimile:  212-808-7898

LOEB & LOEB LLP
DAVID W. GRACE (SBN 102190)
dgrace@loeb.com
MELANIE HOWARD (SBN 218895)
mhoward@loeb.com
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:  310-282-2000
Facsimile:   310-282-2200

Attorneys for Defendant
AVON PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN RHOADES, an individual, and DERMANEW, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> AVON PRODUCTS, INC., a New York corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> AVON PRODUCTS, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> DEAN RHOADES and DERMANEW, INC., <br><br> Counterdefendants. | Case No.  CV 05-02169 GAF (MANx) <br><br> Assigned to Hon. Gary A. Feess <br><br> **STIPULATED PROTECTIVE ORDER** |

LA1793364.1
200374-10008

STIPULATED PROTECTIVE ORDER (CV 05-02169 GAF (MANx))

## [PROPOSED] ORDER

WHEREAS, Plaintiffs DEAN RHOADES ("Rhoades") and DERMANEW, INC. ("DI," and, collectively with Rhoades, "DermaNew") have filed a Complaint against Defendant AVON PRODUCTS, INC. ("Avon") (each of Rhoades, DI, and Avon individually, a "Party", and collectively, the "Parties") and Avon has filed an answer and counterclaims against DermaNew in the above-captioned action (the "Action");

WHEREAS, the conduct of the Action will involve the disclosure of trade secrets as defined in California Civil Code § 3426.1 or other confidential, technical, business and financial information, including, but not limited to, marketing information, sales information, customer lists, market surveys, and other similar materials;

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, and that either Party may challenge any designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED AND AGREED as follows:

1.   All documents, electronically stored information, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a

hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated, used only for the purposes of this litigation and not for any other purpose, including but not limited to business, legal, competitive or governmental purpose or function.  Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

2. The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, whether formal or informal, designated in accordance with this Protective Order, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents, electronically stored information and tangible things.

3. Definitions

a. "Confidential" information is defined herein as information that a Disclosing Party in good faith believes (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means) and (ii) contains trade secrets (as defined in California Civil Code § 3426.1) or other proprietary or confidential research, development, marketing, financial, technical, or commercial information, including business plans, pricing information, financial statements and accounting reports, license agreements, minutes of board of directors meetings, marketing and advertising plans, product development information and market research or other commercial information.

b. "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces Documents or other information in connection with the conduct of the Action.

c. "Document" shall include without limitation any documents, records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings,

affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing.  The term "Document" as used herein specifically includes electronically stored information as that term is used in the Federal Rules of Civil Procedure.

  d. "Highly Confidential" information is defined herein as such Confidential information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such Confidential information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

  e. "Qualified Person" as used herein means:

  (i.) Attorneys of record for the parties in this litigation and employees or service providers of such counsel to whom it is necessary that the material be shown for purposes of the litigation;

  (ii.) Any person retained by a Party or its trial counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party) who agrees in writing to be bound by the terms of this Protective Order in the form of the Certificate of Agreement re: Protective Order, filed concurrently herewith as Exhibit "A" (such signed agreement shall be preserved by the retaining Party or trial counsel);

  (iii.) Any court reporter who transcribes testimony in this Action at a deposition and who agrees that all testimony and exhibits that are designated Confidential or Highly Confidential is and shall remain Confidential or Highly Confidential, and shall not be disclosed except as provided in this Order;

  (iv.) The Court and the Court's personnel;

1   (v.)   Outside vendors who perform copying, document preparation, or creation of trial graphics or tutorials on behalf of any Party for use in this action and who agree that all testimony and exhibits that are designated Confidential or Highly Confidential is and shall remain Confidential or Highly Confidential and shall not be disclosed except as provided in this Order;

(vi.)   Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by Order of this Court, after notice to all Parties and a hearing;

(vii.)   One (1) officer and not more than two (2) in-house counsel of DI who must be designated in writing by DI before any disclosure of Confidential Information to such person, and who agree in writing to be bound by the terms of this Protective Order in the form of Exhibit A; and

(viii.)   One (1) officer and not more than two (2) in-house counsel of Avon who must be designated in writing by Avon before any disclosure of Confidential Information to such person, and who agree in writing to be bound by the terms of this Protective Order in the form of Exhibit A.

f.   "Receiving Party" is defined herein as any individual who has received information properly designated as Confidential or Highly Confidential pursuant to this Protective Order.

4.   A Disclosing Party may designate Confidential information, as defined herein.  In designating Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7).  No item shall be deemed Confidential if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation, breach of this Protective Order or any improper means.

5. Documents and things produced that contain Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

"CONFIDENTIAL"

6. Access to information designated as Confidential shall be limited to Qualified Persons (as defined in paragraph 3(e) above). A Receiving Party shall treat information as "Confidential" under this Protective Order, as soon as a Disclosing Party so designates the information.

7. A Disclosing Party may designate Highly Confidential information, as defined herein. In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7). Documents, testimony, information and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (i) through (vi) of Paragraph 3(e) of this Protective Order. A Receiving Party shall treat information as Highly Confidential under this Protective Order, as soon as a Disclosing Party so designates the information.

8. Documents and things produced that contain Highly Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

9. In the event that at the time a document is produced the designation Confidential or Highly Confidential is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective

Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation, accompanied by substitute copies of each item, properly designated.  As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated Documents or information consistent with the designation given by the Disclosing Party.  Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the Disclosing Party shall return all copies of the misdesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any information contained in the misdesignated Documents or information.  The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

      10.    In the event that either Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential or Highly Confidential, then such disclosure shall be permitted only under the following conditions:

      a.    Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

      b.    Ten (10) business days prior to disclosure of such Confidential or Highly Confidential information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae shall be delivered by hand, facsimile or overnight courier to Trial Counsel for the Disclosing Party along with a

statement that the Exhibit and curriculum vitae are being served in accordance with this paragraph 10 of the Protective Order.

  c. In the event that the Disclosing Party objects to disclosure of its Confidential or Highly Confidential information to the independent consultant or expert, the Disclosing Party shall deliver by hand, facsimile or overnight courier a notice of objection to the opposing Party within eight (8) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10.  In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted.  The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection.  Failure to give notice of objection within eight (8) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10 shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground did not exist at such time.

  d. Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute.  The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

  11. Except for use during court proceedings, all Documents and information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Highly Confidential at the time of the taking of the deposition and for a period of fifteen (15) calendar days after the transcript of said deposition is received by the Disclosing Party.  Information disclosed at the deposition may be designated under this Protective Order by a

Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within fifteen (15) calendar days of receipt of the original copy of the transcript of the portions of the transcript that contain information to be designated under this Protective Order. The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript and provide a copy of same to every other Party, or shall request that the court reporter taking such testimony do so.

12. Testimony designated as Highly Confidential or information designated as Highly Confidential shall not be disclosed to any persons other than those specified in subsections (i) through (vi) of Paragraph 3(e). The designation of testimony given as Confidential or Highly Confidential, or the de-designation of such testimony given, shall not affect the confidentiality status of exhibits presented or used in connection with such testimony.

13. All Confidential or Highly Confidential information submitted to the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential information, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In addition, any party filing any portion of any pleading, motion or other paper under seal shall file via ECF a redacted copy of any such pleading, motion or other paper that removes any and all references to the Confidential or Highly Confidential information. If, after the conclusion of this litigation and any time for appeal has expired, the Clerk of the Court desires to or must for any reason destroy any documents that were filed under seal, the Clerk of the Court may follow the regular procedures for the destruction of documents that were filed under seal.

14. In the event that Documents or information designated pursuant to this Protective Order are disclosed to any person not authorized by this Protective Order

to receive the Documents or information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all Parties, and without prejudice to other rights and remedies of the Disclosing Party, shall prevent further disclosure by it and seek to prevent further disclosure by any other person who was the recipient of such Documents or information. The identification under this section of a Party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

15. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice. Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Highly Confidential. Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

16. If a Party wishes to challenge the designation of any information as Confidential or Highly Confidential, the Party shall, in good faith, narrowly limit such efforts solely to those Documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate. The Disclosing Party shall, within ten (10) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court. The

LA1793364.1
200374-10008

10

STIPULATED PROTECTIVE ORDER (CV 05-02169 GAF (MANx))

Disclosing Party shall have the burden of proving that the designation is proper. The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

17. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of a Document prior to the final Pre-Trial Conference shall preclude any subsequent challenge.

18. Within sixty (60) calendar days after the conclusion of this litigation and any time for appeal has expired, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Confidential and Highly Confidential information shall be destroyed, except that trial counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, deposition transcripts, deposition exhibits, memoranda, notes and other work product materials which contain or refer to Confidential and Highly Confidential information, except that if trial counsel for the Disclosing Party requests that the Receiving Party remove or redact such pleadings, correspondence, memoranda, notes and other work product materials to eliminate copies of or references to Confidential or Highly Confidential information that the Disclosing Party has a good faith belief should not be archived due to the confidential or proprietary nature of such information, then such pleadings, correspondence, memoranda, notes and other work product materials shall be removed or redacted pursuant to the Disclosing Party's request.

19. Insofar as the provisions of this Protective Order restrict the communication and use of the Documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless

such exhibits were filed under seal) and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

20.  This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

21.  Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties and a hearing, orders such disclosure.

22.  Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

23.  This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

24.  Nothing in this Order shall bar amendment of this Order by stipulation of the Parties or by Order of the Court.  Any such amendment made by stipulation of the Parties shall be made in writing.

25.   If any Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, (c) is served with any legal process by one not a party to this Action, or (d) is ordered by another court or an

administrative agency to produce Documents or information, and any of the foregoing calls for the production by a Receiving Party of documents or information designated for protection under this Protective Order which was produced or designated as Confidential or Highly Confidential by someone other than that Party, then the Party receiving the subpoena, demand, or other legal process shall give prompt actual written notice, by hand or facsimile transmission, within three (3) business days, to counsel for the Disclosing Party and shall object to its production to the extent permitted by law.  Should the person seeking access to the material designated as Confidential or Highly Confidential take action against the Party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Order.  In the event that the Receiving Party complies with all of the foregoing and is ordered to produce the material designated as Confidential or Highly Confidential, the Receiving Party shall, no less than five (5) court days prior to any actual disclosure of any documents or information designated for protection under this Protective Order, provide written notice to each and every Disclosing Party of the precise scope of the disclosure the Receiving Party intends to make (by providing identification by production number or by specifically naming each and every document the Receiving Party intends to disclose), the entity to whom the Receiving Party intends to make the disclosure to, and a specific identification of the order which the Receiving Party believes requires the disclosure.  Nothing herein shall be construed as requiring the Party or anyone else covered by this Stipulation and Order to challenge or appeal any Order requiring production of the material designated as Confidential or Highly Confidential information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or Order, or to seek any relief from this Court.

26. The terms of this Protective Order shall survive termination of this action.

| | | |
|---|---|---|
| 1 | Dated: July ___, 2008 | RICHARDSON & PATEL LLP<br>LUAN K. PHAN<br>VICTOR T. FU<br>JOHN L. LIN |
| 4 | | By:_____<br>     John L. Lin<br>  Attorneys for Plaintiffs<br>  DEAN RHOADES and DERMANEW, INC. |
| 7 | Dated: July ____, 2008 | KELLEY DRYE & WARREN LLP<br>WILLIAM R. GOLDEN, JR.<br>MICHELLE M. GRAHAM<br>MATTHEW D. MARCOTTE |
| 10 | | By:_____<br>     Michelle M Graham<br>  Attorneys for Defendant<br>  AVON PRODUCTS, INC. |
| 13 | Dated: July ___, 2008 | LOEB & LOEB LLP<br>DAVID W. GRACE<br>MELANIE HOWARD |
| 16 | | By:_____<br>     David W. Grace<br>  Attorneys for Defendant<br>  AVON PRODUCTS, INC. |
| 18 | IT IS SO ORDERED. | |
| 19 | Dated: September 11, 2008 | /s/ Gary Fees<br>_____<br>Honorable Gary A. Fees<br>United States District Court Judge |